# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **S.M. & K.M.,**

**No. 15-0687** (Mercer County 14-JA-120-WS & 14-JA-121-WS)

**FILED**

November 23, 2015
**RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Mother T.B., by counsel David B. Kelley, appeals the Circuit Court of Mercer County's June 18, 2015, order terminating her parental, custodial, and guardianship rights to eight-year-old S.M. and five-year-old K.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Malorie N. Estep-Morgan, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental, custodial, and guardian rights to the children.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner failed to provide for and protect the children and that she abused controlled substances. The DHHR stated in the petition that S.M. attended school on May 8, 2014, with a bloody lip because her grandmother hit her with a backscratcher and generally appeared "filthy" at school with noticeable body odor. Due to those concerns, the DHHR arranged a protection plan with petitioner to aid her parenting and to allow the DHHR to monitor the children. Under that protection plan, petitioner agreed (1) to attend the requisite classes necessary for her to qualify for certain governmental assistance, (2) to attend substance abuse treatment, and (3) not to permit

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

Further, in her brief to this Court, petitioner initially asserts two assignments of error: (1) that the circuit court erred in terminating her rights with allowing her to extend and complete her post-adjudicatory improvement period and (2) in terminating her parental rights. However, in the body of her brief, she argues these issues as one error by the circuit court. As these issues are substantially related, we address them together in this memorandum decision.

the grandmother to care for the children. Thereafter, according to the petition, petitioner was evicted from her apartment and tested positive for cocaine. She also failed to complete the process for admission into a substance abuse treatment program. The DHHR claimed that, during her protection plan, in August of 2014, petitioner entered into an inpatient facility for evaluation related to Social Security and left her children with her brother. In mid-August of 2014, S.M. got in trouble at school, and the children disclosed their fear to return to the their uncle's home because they would get a "whoopin[']," so the children went to stay with their grandmother. In the petition, the DHHR also noted that petitioner was a respondent in two prior abuse and neglect proceedings in 2007 and 2008 with respect to S.M. when petitioner herself was still a juvenile, but both petitions were ultimately dismissed and S.M. returned to petitioner.

In September of 2014, the circuit court held an adjudicatory hearing. Petitioner stipulated to abuse and neglect of the children as charged in the petition. Based on her stipulation, the circuit court adjudicated petitioner as an abusing parent, but it further granted her motion for a post-adjudicatory improvement period. At a review hearing in December of 2014, the circuit court found that petitioner was homeless and failed to maintain consistent visits with the children. However, the circuit court nevertheless granted petitioner an extension of her improvement period.

In March of 2015, the circuit court held another review hearing. At the time of that hearing, petitioner was incarcerated in the Commonwealth of Virginia. Due to petitioner's failure to comply with the family case plan, the circuit court terminated her improvement period and set the matter for disposition. On May 22, 2015, the circuit court held a dispositional hearing. The circuit court found that petitioner failed to comply with services and failed to seek treatment for her addiction to controlled substances. By order entered on June 18, 2015, the circuit court terminated petitioner's "parental, custodial, and guardianship rights" to the children. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner assigns error to the circuit court's order terminating her parental rights without extending her post-adjudicatory improvement period. With regard to the extension of an improvement period, West Virginia Code § 49-4-610(6)[2] provides as follows:

> Extension of improvement period. – A court may extend any improvement period granted pursuant to subdivision (2) or (3) of this section for a period not to exceed three months when the court finds that the respondent has substantially complied with the terms of the improvement period; that the continuation of the improvement period will not substantially impair the ability of the department to permanently place the child; and that the extension is otherwise consistent with the best interest of the child.

At the outset, we note that the decision to extend or terminate an improvement period is left to the sound discretion of the circuit court. West Virginia Code § 49-4-610(6) employs the term "may," which we have explained to be permissive language. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 500 n.12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)). With regard to termination of an improvement period, we have held that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [subject parent] is making the necessary progress." Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). Further, to the extent this issue requires the weighing of evidence and rendering of findings of fact, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

In this case, the record is clear that petitioner failed to comply with services throughout the underlying proceedings, failed to take steps to correct her controlled substance addiction, and was incarcerated during the pendency of the proceedings. Petitioner admits in her argument to this Court that she "did not make much progress during her improvement period" and was incarcerated for a portion of the proceedings below. Despite petitioner's argument that she could substantially correct the conditions that led to the abuse and neglect if granted more time, we find no abuse of discretion in the circuit court's denial of an extension of her improvement period based on the evidence presented.

---

[2]Because the dispositional hearing in this matter occurred on May 22, 2015, which was two days after the new version of West Virginia Code §§ 49-1-101 through 49-7-304 became effective, the Court will apply the revised versions of those statutes in its discussion of this issue.

Further, had petitioner complied with her improvement period more substantially, her compliance would be just one factor for the circuit court to consider in making the ultimate disposition. We have held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014).

The law in this State provides, pursuant to West Virginia Code § 49-4-604(b)(6), that circuit courts are directed to terminate parental rights when they find that there was no reasonable likelihood that a parent could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]" In the case at bar, as explained above, petitioner made little to no progress during her improvement period, and the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination is necessary for the children's welfare. Given the circumstances presented in this case, we find no error in the circuit court's order terminating petitioner's parental, custodial, and guardianship rights to the children based on those findings.

For the foregoing reasons, we find no error in the circuit court's June 18, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: November 23, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II